**Shateek Amin BILAL, Plaintiff–Appellant,**

v.

**Sergeant SMITH; Lieutenant Vanburen; Sergeant Oakes; Guard Norwood; Guard Irby; Guard Williams; Guard Magnum; Guard Jones; Guard McMillion; Guard Cordell, Defendants–Appellees,**

**and**

**George Currie, Superintendent; Ricky Duke, Assistant Superintendent; Jeannie Lancaster; Harold Person; Michael Munns; Lieutenant Ryan; Lawrence Solomon, Assistant Superintendent; David A. Carroll, Sergeant; Sergeant Wesley; Sergeant Smith;**

Randall Lee, Administrator of Caledonia Correctional Institution; Joy Barefoot, Programs Manager at Central Prison, Defendants.

No. 03–6642.

United States Court of Appeals, Fourth Circuit.

Argued May 7, 2004.

Decided Aug. 12, 2004.

**ARGUED:** Pepin A. Tuma, Appellate Litigation Clinic, University Of Virginia School of Law, Charlottesville, Virginia, Neal Lawrence Walters, Charlottesville, Virginia, for Appellant. James Philip Allen, Assistant Attorney General, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Roy Cooper, Attorney General of North Carolina, Raleigh, North Carolina, for Appellees.

Before MOTZ and KING, Circuit Judges, and PASCO M. BOWMAN, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

**OPINION**

PER CURIAM.

Shateek Amin Bilal appeals from adverse rulings made in the Eastern District of North Carolina in this § 1983 proceeding. Specifically, Bilal maintains that the court erred in its Order of November 4, 2002, dismissing without prejudice his claims that several North Carolina correctional officers and their supervisors (the "Defendants") censored his mail and denied him access to the courts, in violation of the First and Fourteenth Amendments. *See Bilal v. Currie*, No. 62 Civ. 02–CT–9 (E.D.N.C. Nov. 4, 2002). Bilal also contends that the court erred in its subsequent Order of April 1, 2003, awarding summary judgment to the Defendants on his Eighth Amendment claims of excessive force and unlawful restraint. *See Bilal v. Currie*, No. 70 Civ. 02–CT–9 (E.D.N.C. April 1, 2003).

Having thoroughly considered the record and the issues raised by Bilal at argument and in his *pro se* and counselled written submissions, we are content to affirm the court's rulings. Bilal's First and Fourteenth Amendment claims were appropriately dismissed without prejudice to allow him an opportunity to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e(a) (providing that no § 1983 action shall be brought with respect to prison conditions until such administrative remedies as are available have been exhausted). And as the court correctly determined, the Defendants were entitled to summary judgment on Bilal's Eighth Amendment claims because his injuries were *de minimis* and no extraordinary circumstances were present. *See Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir.1994) (en banc) (recognizing that, absent extraordinary circumstances, plaintiff suffering *de minimis* injuries cannot prevail under Eighth Amendment). Because we perceive no reversible error in the challenged rulings, we affirm the court's judgment in all respects.

*AFFIRMED.*